UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23090-BLOOM

DUNKIN'S DIAMOND & GOLD
OF HEATH, INC., MARIANGELA
OSHIRO LAOS,

      Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, U.S. CITIZENSHIP &
IMMIGRATION SERVICES,
MERRICK GARLAND, ATTORNEY
GENERAL OF THE UNITED STATES,
ALEJANDRO MAYOKAS,
SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY, *and*
UR JADDOU, USCIS DIRECTOR,

      Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants U.S. Department of Homeland Security, the U.S. Citizenship & Immigration Services (USCIS), Attorney General Merrick Garland, Secretary of the Department of Homeland Security Alejandro Mayorkas, and USCIS Director Ur Jaddou's ("Defendants") Motion to Dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief, ECF No. [6]. Plaintiff Dunkin's Diamond & Gold of Heath, Inc. ("Dunkin's") and Mariangela Oshiro Laos ("Laos," collectively, "Plaintiffs") filed a Response in opposition to the Motion, ECF No. [7], to which Defendants filed a Reply, ECF No. [8]. The Court has reviewed the parties' submissions, the record in this case, and the applicable law, and is otherwise duly advised. For the reasons that follow, the Motion is granted.

Case No. 23-cv-23090-BLOOM/Otazo-Reyes

## I.     BACKGROUND

This action stems from USCIS's allegedly arbitrary and capricious refusal to accept a timely filed petition which was subject to an annual statutory cap on the issuance of H-1B visas, and subsequent *nunc pro tunc* petition filings. ECF No. [1] ¶¶ 2, 42-44. According to the Complaint Plaintiffs filed on August 15, 2023, Defendants rejected an H1-B visa petition on June 28, 2023 that Dunkin's had submitted on behalf of Laos based on the attorney's failure to include a copy of Dunkin's Registration Selection Notice—a document that USCIS issued on March 25, 2023 advising Dunkin's that it was eligible to file the corresponding petition for Laos. *Id.* ¶¶ 4, 35, 38. On July 5, 2023, Dunkin's attorney resubmitted the petition and requested that the petition be accepted *nunc pro tunc*, but USCIS again rejected the petition. *Id.* ¶¶ 42-43. Plaintiffs submitted for a third time the petition and USCIS rejected the third petition. *Id.* ¶ 44. The Complaint alleges that USCIS's rejections are arbitrary, capricious, or otherwise not in accordance with law under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-559, and asserts three counts of violation of the same.

In Count I, Plaintiffs allege the rejection by USCIS of Plaintiffs' petitions violates agency regulations because those regulations limit the bases on which USCIS may reject a petition and Dunkin's failure to include a copy of the Registration Selection Notice is not one of those. ECF No. [1] ¶ 53 (citing 8 C.F.R. § 103.2(a)(7)(ii)). The Complaint also alleges in Count II that USCIS's failure to accept and adjudicate the petitions has no basis either in any federal statute or regulation, or in the agency's Adjudicator's Field Manual, meaning that such failure was arbitrary, capricious, or otherwise not in accordance with law. *Id.* ¶¶ 55, 62. In Count III, Plaintiffs claim USCIS's alleged failure to follow its Adjudicator's Field Manual by refusing to accept Plaintiffs' subsequent *nunc pro tunc* filings is also a violation of the APA. *Id.* ¶ 76.

In the Motion, Defendants argue the Court lacks jurisdiction over the subject matter of the suit because the action is moot. The Motion states there is no live controversy because the window for filing the petition has passed and the period for the submission of H-1B visa applications for fiscal year 2024 has also passed. ECF No. [6] at 6. In support, Defendants cite to a USCIS website that provides two hyperlinks to two press announcements concerning the status of "registration selection" for the H-1B program, which shows that the USCIS has determined there are a sufficient number of registrations for the agency to fill next fiscal year's H-1B visa numbers. *Id.* (citing *H-1B Electronic Registration Process*, USCIS, https://www.uscis.gov/working-in-the-united-states/temporary-workers/h-1bspecialty-occupations-and-fashion-models/h-1b-electronic-registration-process (last updated July 31, 2023)). Defendants contend that the Court cannot afford the specific relief sought by Plaintiffs because Laos is no longer eligible for a Fiscal Year 2024 H-1B visa, mooting the controversy. *Id.* at 7 (citing ECF No. [1] at 19 (seeking in part an Order compelling USCIS to accept Plaintiffs' allegedly improperly rejected H-1B petitions)).

Plaintiffs respond that this action is not moot because there is no evidence on the record that the cap for the issuance of H-1B visas for next fiscal year has been reached. ECF No. [7] at 7-8. Plaintiffs argue that this Court can grant Plaintiffs' requested relief and compel USCIS to accept Dunkin's H-1B petition.

Regarding the Counts in the Complaint, Defendants argue the Complaint must be dismissed under Rule 12(b)(6) because Plaintiffs cannot show the USCIS's rejection of Dunkin's petitions violated the agency's regulations, and the USCIS did not act in violation of the APA. Defendants contend Dunkin's petitions were incomplete and non-compliant, specifically because Dunkin's failed to follow USCIS's instructions for submitting the first petition, which petitioners must adhere to since the instructions are incorporated by reference into the agency's regulations. ECF No. [6] at 10-13. In addition, the subsequently filed petitions were submitted after the period

designated in Dunkin's Registration Selection Notice for such submission and the agency regulations require the USCIS to reject such late-filed submissions. *Id.* at 10-11. Defendants further argue that the Complaint's allegations concerning the USCIS's failure to follow one of its manuals are immaterial because that manual does not carry the force of law and thus does not constitute a basis for the Court's review of the agency's action. *Id.* at 12-13. Defendants request that the Court dismiss the Complaint with prejudice. *Id.* at 14-15.

Plaintiffs respond that Count I should not be dismissed because the agency's requirement for a petitioner to submit a Registration Selection Notice with its petition is not expressly required by the agency's regulations, so the USCIS's imposition of that requirement is arbitrary and capricious. *See* ECF No. [7] at 13-14. Regarding Count II, Plaintiffs contend that the USCIS's failure to follow its manual in denying Dunkin's *nunc pro tunc* filings was arbitrary and capricious.

## II.  LEGAL STANDARD

### A. Subject Matter Jurisdiction

Rule 12(b)(1) provides the proper framework for evaluating a motion to dismiss on grounds of mootness. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007).[1] A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the

---

[1] Unless otherwise indicated, all references to the Rules are to the Federal Rules of Civil Procedure.

4

pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### B. Mootness

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* at 1217. Thus, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Troiano v. Supervisor of Elections in Palm*

*Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (quoting *Al Najjar*, 273 F.3d at 1336); *see also Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217.

On a Rule 12(b)(1) motion, "the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true. . . . However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)). Accordingly, the Court may take judicial notice of "information publicly available from an official government website." *See Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-CIV, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) (collecting cases).

### C. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556, 127 S. Ct. 1955.

When reviewing a motion to dismiss, a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

### III. DISCUSSION

#### A. Mootness

As a preliminary matter, Defendants contend, and Plaintiffs do not dispute, that H-1B visas are governed by 8 U.S.C. § 1101(a)(15)(H)(i)(b). Under that section, "[a noncitizen] may be authorized to come to the United States temporarily to perform services or labor for, or to receive training from, an employer, if petitioned for by that employer." 8 C.F.R. § 214.2(h)(1). Neither do the parties dispute that Congress has limited the number of visas that are available under the H-1B visa program for the next fiscal year. *See* 8 U.S.C. § 1184(g)(1)(A), (g)(5)(C) (providing for a 65,000 H-1B visas in fiscal years after fiscal year 2003, unless a nonimmigrant noncitizen has a master's or higher degree from a United States institution of higher education, the H-1B visas for whom are capped at 20,000, for a total of 85,000 H-1B visas). Further, the parties agree that 8 C.F.R. § 214.2 governs the cap on the issuance of H-1B visas per fiscal year.

The Court analyzes the provisions of 8 C.F.R. § 214.2 that are pertinent to the disposition of the Motion. Section 214.2 restates that there exists a statutory cap on the total number of issued H-1B visas per fiscal year and that each issued H-1B visa counts toward the numerical limit.  8

C.F.R. § 214.2(h)(8)(i)(A), (ii)(A). Section 214.2 also requires prospective visa recipients to be registered, providing specifically in part:

> Except as provided in paragraph (h)(8)(iv) of this section, before a petitioner can file an H-1B cap-subject petition for a beneficiary who may be counted under section 214(g)(1)(A) of the Act ("H-1B regular cap") or eligible for exemption under section 214(g)(5)(C) of the Act ("H-1B advanced degree exemption"), the petitioner must register to file a petition on behalf of an alien beneficiary electronically through the USCIS website (www.uscis.gov). To be eligible to file a petition for a beneficiary who may be counted against the H-1B regular cap or the H-1B advanced degree exemption for a particular fiscal year, a registration must be properly submitted in accordance with 8 CFR 103.2(a)(1), paragraph (h)(8)(iii) of this section and the form instructions. A petitioner may file an H-1B cap-subject petition on behalf of a registered beneficiary only after the petitioner's registration for that beneficiary has been selected for that fiscal year.

8 C.F.R. § 214.2(h)(8)(iii)(A)(1). Section 214.2 provides for an initial registration period. § 214.2(h)(8)(iii)(A)(3). After the end of that period, if the USCIS determines it has received more than sufficient registrations to meet the H-1B regulatory cap, USCIS will no longer accept registrations under the H-1B regular cap and will randomly select from among the registrations properly submitted during the initial registration period the number needed to meet the cap. *Id.* § 214.2(h)(8)(ii).

Those registrations that are not selected "will remain on reserve for the applicable fiscal year." *Id.* § 214.2(h)(8)(iii)(A)(7). If the USCIS determines that it needs to increase the number of registrations projected to meet the H-1B regular cap or the advanced degree exemption allocation, and select additional registrations, USCIS will select from among the reserve registrations to meet the H-1B regular cap or advanced degree exemption cap. *Id.* Then, "USCIS will notify all petitioners with selected registrations that the petitioner is eligible to file an H-1B cap-subject petition on behalf of the beneficiary named in the notice within the filing period indicated on the notice." *Id.* § 214.2(h)(8)(iii)(C). Afterward, "a petitioner may file an H-1B petition for a beneficiary . . . only if the petitioner's registration to file a petition on behalf of the beneficiary

8

named in the petition was selected beforehand by USCIS and only within the filing period indicated on the notice." *Id.* § 214.2(h)(8)(iii)(D)(1). If a petitioner fails timely to file a petition within the stated period, "USCIS will deny or reject the H-1B cap-subject petition." *Id.*

Thereafter, USCIS may approve or deny a petition. *Id.* § 214.2(h)(9), (10). A petition will be rejected if the petitioner files the petition outside the filing period indicated on the notice that petitioner's registration was selected. *Id.* § 214.2(h)(8)(iii)(D)(2). Section 214.2 provides other circumstances under which a petition may be rejected. A petition may be rejected if the total numbers of H-1B visas available in the fiscal year are used. *Id.* § 214.2(h)(8)(ii)(C).

Here, Dunkin's counsel mailed Dunkin's petition on June 21, 2023 to USCIS without attaching a physical copy of the Registration Selection Notice. ECF No. [1] ¶¶ 37, 38. USCIS rejected the petition, stating "you did not include a copy of the selected registration notice you received for the named beneficiary." ECF No. [1-8] at 1. Setting aside whether the rejection was arbitrary, capricious, or otherwise not in accordance with law, the petition was not rejected on the ground that the numerical cap for H-1B visas had been reached. Nor was the petition denied or revoked, and no record evidence indicates that the fiscal year 2024 H-1B visa cap has been reached.

Because there is no evidence that the fiscal year 2024 H-1B cap has been reached, Defendants fail to demonstrate that this Court cannot afford Plaintiffs relief by ordering USCIS to process Dunkin's petition. It follows that this action is not moot and Defendants' lead case illustrates the reason. There, the USCIS announced that it was closing the filing period for fiscal year 2016 H-1B petitions on April 7, 2015 because it determined it had reached the statutory visa cap and was moving on to a lottery process to randomly select the petitions needed to meet the cap. *Nat'l Basketball Retired Players Ass'n v. USCIS*, No. 16 CV 09454, 2017 WL 2653081, at *4 (N.D. Ill. June 20, 2017). Here, the USCIS webpage to which Defendants cite states only that it has selected a sufficient number of registrations to meet the H-1B visa cap, not that it was moving

on to undertaking the lottery process to select petitions to issue visas. *See H-1B Electronic Registration Process*, USCIS, https://www.uscis.gov/working-in-the-united-states/temporary-workers/h-1bspecialty-occupations-and-fashion-models/h-1b-electronic-registration-process (last updated July 31, 2023). None of the other cases on which Plaintiffs rely support their argument because those cases concern the Diversity Immigrant Visa Program's strict one-year limit on granting diversity visas. *See Mohamed v. Gonzales*, 436 F.3d 79, 81 (2d Cir. 2006) (holding that agency lacked statutory authority to issue visas after end of fiscal year in which aliens were selected); *Ermuraki v. Renaud*, 987 F.3d 384, 386-87 (5th Cir. 2021) (holding that action concerning diversity visa program was moot after fiscal year expired); *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003) (holding that action was rendered moot when, at end of fiscal year 1998, noncitizen became ineligible to receive diversity visa.). Here, USCIS has discretion to determine when petitioners with selected registrations may file petitions and will reject petitions once the statutory cap has been met. *See* 8 C.F.R. § 214.2(h)(8)(ii)(C). In other words, the USCIS is not time-limited from accepting petitions, and since there is no evidence the statutory H-1B cap has been reached, Defendant's reliance on the Diversity Visa Program cases is misplaced.

Defendants reply that it is beside the point that the H-1B visa statutory cap has not been reached because the registration period has closed and USCIS is not accepting new registrations. ECF No. [8] at 2. But it is the Defendants' argument that misses the point. Plaintiffs are not seeking to submit a new registration; Dunkin's has already done so and seeks to file a petition because the USCIS selected its registration on March 25, 2023. ECF No. [1] ¶ 35. As such, this case is not moot.

### B. Failure to State a Claim

Whether the Complaint states a cognizable claim for relief is another matter. The Administrative Procedure Act (APA) provides that "[a]gency action made reviewable by statute

and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "'[A]gency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13); *see* 5 U.S.C. § 701(b)(2) ("'agency action' [has] the meanings given them by section 551 of this title."). Plaintiffs allege, and Defendants do not dispute, that the rejections by USCIS of Plaintiff's petitions constitute final agency action and that Plaintiffs have exhausted administrative remedies. ECF No. [1] ¶¶ 47, 48.[2] Thus, under the APA, this Court must

> decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall-- . . .
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]

5 U.S.C. § 706(2)(A). The Court's "role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Defs. of Wildlife v. U.S. Dep't of Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013).

The Court addresses the arguments as to each Count in the Complaint.

### i. Count I

Defendants argue the allegation that USCIS failed to follow its own regulations is belied by those regulations. In relevant part, Defendants contend that inclusion of Dunkin's Registration Selection Notice is explicitly required by the instructions of the petition form, Form I-129. ECF No. [6] at 11. Defendants also contend that the form's instructions are incorporated into the

---

[2] Furthermore, the Complaint alleges in Count II that USCIS failed to act by failing to adjudicate Plaintiffs' petitions. ECF No. [1] ¶ 55. Such an omission falls within the ambit of a "failure to act". Moreover, Counts I and III allege the rejection by USCIS of Plaintiffs' original and subsequent petitions. *See, e.g., id.* ¶¶ 53, 76. Given that those rejections would practically prevent Laos from obtaining a fiscal year 2024 H-1B visa, those activities are effectively a denial of relief for APA purposes. The Court is thus satisfied that the Complaint adequately alleges final agency actions.

agency's regulations. *Id.* Essentially, Defendants argue Count I fails to state a claim because USCIS rejected the first petition in accordance with regulation, meaning that USCIS did not act arbitrarily, capriciously, or otherwise not in accordance with law.

Plaintiffs respond that 20 C.F.R. § 655.700 specifically governs the requirements for H-1B visas and that regulation does not explicitly mention any requirement to submit a copy of the H-1B Registration Selection Notice along with the DHS Form I-129. ECF No. [7] at 14. Plaintiffs assert that the agency's imposition of a requirement not expressly provided for by regulation is arbitrary and capricious.

The Instructions for Petition for Nonimmigrant Worker provide that petitioners who file an H-1B cap petition must provide a copy of the H-1B Registration Selection Notice. USCIS, *Instructions for Petition for Nonimmigrant Worker, USCIS Form I-129* at 8, https://www.uscis.gov/sites/default/files/document/forms/i-129instr.pdf (last accessed Nov. 15, 2023). 8 C.F.R. § 103.2 provides that "[e]very form, benefit request, or other document must be submitted to DHS and executed in accordance with the form instructions regardless of a provision of 8 CFR chapter I to the contrary. The form's instructions are hereby incorporated into the regulations requiring its submission." 8 C.F.R. § 103.2(a)(1).

Moreover, a request for a benefit will be rejected if "it is not . . . [f]iled in compliance with the regulations governing the filing of the specific application, petition, form, or request[.]" *Id.* § 103.2(a)(7)(iii)(C). Thus, an agency may validly reject an H-1B petition that does not include the Registration Selection Notice. *See Nat'l Basketball Retired Players Ass'n*, 2017 WL 2653081, at *5 (noting that "it does not follow that the agency **may not** reject any signed, executed, and properly paid-for petition for some other reason; notably, that same regulation also requires that such applications and petitions be filed in compliance with applicable regulations." (citing § 103.2(a)(7)(iii)) (emphasis in original).

Case No. 23-cv-23090-BLOOM/Otazo-Reyes

Nor was the USCIS's rejection of the subsequent petitions violative of agency regulations. The USCIS's notice rejecting Dunkin's second-submitted petition stated that USCIS received that petition after the latest date that Dunkin's was eligible to file a petition. ECF No. [1-10] at 1. Section 214.2 expressly provides that a petitioner must file an H-1B petition "only within the filing period indicated on" the Registration Selection Notice and that the USCIS will deny or reject the petition for failure to submit the petition timely. 8 C.F.R. § 214.2(h)(8)(iii)(D). USCIS's notice reflects that USCIS denied the second petition on that basis. Because USCIS acted in accordance with 8 C.F.R. § 214.2, it did not act arbitrarily, capriciously, or otherwise not in accordance with law by failing to follow that regulation. It also follows that the agency validly rejected the even-later-filed third petition.

Accordingly, USCIS did not violate the APA by rejecting the original petition on the grounds that it failed to follow its own regulations. Count I is due to be dismissed.

### ii.  Count II

As to Count II, Defendants contend that the Adjudicator's Field Manual is not a statute or regulation and does not carry the force of law; for that reason, USCIS's purported failure to follow the Adjudicator's Field Manual is not a basis for the Court to find the USCIS has violated the APA. ECF No. [6] at 12-13. Plaintiffs respond by repeating that the USCIS's failure to grant Dunkin's *nunc pro tunc* filings violates the Adjudicator's Field Manual. ECF No. [7] at 15-16.

In *Barkalifa v. Holder*, the court entered summary judgment against plaintiffs on their claim relating to a Form I-130 Petition. *Barkalifa v. Holder*, No. 12-CV-20245, 2013 WL 12064868, at *9 (S.D. Fla. Nov. 8, 2013). In support of their argument against the grant of summary judgment, the plaintiff cited the Adjudicator's Field Manual. *Id.* at *8. The Court rejected the plaintiffs' argument, reasoning that the Adjudicator's Manual does not carry the force of law. *Id.* (citing *Diaz v. USCIS*, 499 Fed. App'x. 853, 855 (11th Cir. 2012), *Bradley v. Sebelius*, 621

F.3d 1330, 1338 (11th Cir. 2010), and *United States v. Harvey*, 659 F.2d 62, 64-65 (5th Cir. 1981)). The Court aligns itself with the court in *Barkalifa*. Under the APA, the Court must "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action" in determining whether final agency action violates the APA. *See* 5 U.S.C. § 706(2)(A). As such, the Court looks to sources of substantive legal rights, not to an agency's interpretations of law in its policy documents.

Even assuming the Adjudicator's Manual carried the force of law, and even though the Manual provides that "the adjudicator has the discretion to grant an extension based on an untimely application", USCIS Adjudicator's Manual § 30.2(d)(3)(C), an adjudicator's failure to exercise discretion is not a violation of the APA. While Plaintiffs argue that a review of the factors outlined in § 30.2(d)(3)(C) show that the USCIS should have been granted an extension to submit the petition with the Registration Selection Notice, Plaintiffs fail to cite legal authority supporting that a decision to exercise discretion *not* to allow for an extension is arbitrary, capricious, or not in accordance with law. Absent such support, this Court will not substitute the agency's judgment for its own by finding that the USCIS should have in fairness accepted Plaintiffs' *nunc pro tunc* filings. *Defs. of Wildlife*, 733 F.3d at 1115. For those reasons, Count II is due to be dismissed.[3]

### iii.   Count III

Notably, Plaintiffs do not respond to Defendants' arguments regarding Count III. *See Jones v. Bank of Am., N.A.*, 564 Fed. App'x 432, 434 (11th Cir. 2014) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (internal citation omitted and alteration in original)). Nevertheless, because the Adjudicator's

---

[3] The Court notes that Plaintiffs do not challenge the validity of the USCIS's regulations. The Court therefore does not review those regulations as final agency actions.

Manual is not a source of substantive law, the Court will not consider it in reviewing the USCIS's final agency action, and Count III is also due to be dismissed.[4]

### C. Futility

Under Federal Rule of Civil Procedure 15(a), a court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). However, a district court need not allow an amendment to a complaint where amendment would be futile. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (explaining that leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure should be "freely given" absent the "futility of amendment").

Here, Plaintiffs fail to show a violation of the APA because Plaintiffs failed to include a copy of the Selected Registration Notice with Dunkin's petition and Dunkin's subsequently filed petitions were filed outside the period specified in that notice to file a petition. Accordingly, any amendment to the Complaint would be futile. This action must therefore be dismissed with prejudice. *See Org. of Pro. Aviculturists, Inc. v. U.S. Fish & Wildlife Serv.*, No. 22-23536-CV, 2023 WL 4049176, at *9 (S.D. Fla. June 9, 2023) (citing *Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) and *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) (dismissing with prejudice where plaintiffs failed to state a claim that agency acted in a manner that was "arbitrary, capricious, an abuse of discretion, and contrary to law," in violation of the APA § 706(2)).

---

[4] Because the Court will dismiss all Counts under Rule 12(b)(6), it does not reach Defendants' argument that the Complaint is a shotgun pleading. ECF No. [6] at 5 n.5.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record